**REED SMITH LLP**
*Formed in the State of Delaware*
Patrick E. Bradley, Esq.
Tara E. Nicola Esq.
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08543-7839
(609) 987-0050
Attorneys for Defendants Genie Industries, Inc. and Terex Corp..

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TADEUSZ JATCZYSZYN, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| MARCAL PAPER MILLS, INC., | : | **NOTICE OF REMOVAL** |
| GENIE, TEREX CORPORATION, | : | |
| UNITED RENTALS, ABC CORP. 1-10 | : | |
| and XYZ CORP. 1-10 (fictitious names) | : | |
| and JOHN and JANE DOES 1-10 | : | |
| (fictitious names), | : | |
| | : | |
| Defendants. | : | |

To:    Clerk of the Court
       United States District Court of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street
       Newark, New Jersey  07102

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 et seq., Defendants Genie

Industries, Inc., and Terex Corp. ("Defendants") hereby remove this action from the Superior

Court of New Jersey, Law Division, Bergen County, to the United States District Court for the

District of New Jersey.  In support of this Notice of Removal, Defendants state as follows:

1.    On or around October 17, 2007, Plaintiff filed a Complaint (hereinafter

"Complaint") naming Genie Industries, Inc. and Terex Corp. as defendants in a civil action

commenced in the Superior Court, Law Division, Bergen County, New Jersey captioned <u>Tadeusz Jatczyszyn v. Marcal Paper Mills, Inc., Genie, Terex Corporation, United Rentals, ABC Corp. 1-10 and XYZ Corp. 1-10 (fictitious names) and John and Jane Does 1-10 (fictitious names)</u>, L-7696-07.

2.      Plaintiffs mailed the Complaint to Genie Industries, Inc. and Terex Corp. by certified mail on or about October 30, 2007.  Genie Industries, Inc. and Terex Corp. received the complaint on November 5, 2007.  The Complaint was the first paper or pleading from which Defendants Genie Industries, Inc. and Terex Corp. were able to ascertain that this action is removable.  This Notice of Removal is therefore timely being filed within thirty (30) days of Defendants' initial receipt of the Complaint as required by 28 U.S.C. § 1446(b) and is not barred by the one (1) year limitation on removal set forth in 28 U.S.C. § 1446(b).  Defendants have not filed a responsive pleading and no further proceedings have occurred.  A true and correct copy of all process, pleadings and orders served upon Defendant Genie Industries, Inc. in this action are attached hereto collectively as "Exhibit A".  A true and correct copy of all process, pleadings and orders served upon Terex Corp. in this action are attached hereto collectively as "Exhibit B".

3.      In the Complaint, Plaintiff alleges common law and statutory tort claims against the Defendants for personal injuries allegedly sustained while Plaintiff, Tadeusz Jatczyszyn, was using a motorized boom-model lift manufactured by Genies Industries, Inc.  <u>See</u> "Exhibit A"; <u>see also</u> "Exhibit B".

4.      Plaintiff's Complaint alleges and Defendants Genie Industries, Inc. and Terex Corp. concede that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.  <u>See</u> "Exhibit A" para. 1, at 5 ("plaintiff's Statement of Damages claimed is in the amount of $2,000,000.00"); <u>see also</u> "Exhibit B" para. 1, at 5.

5.     According to the Complaint, Plaintiff Tadeusz Jatczyszyn is a citizen of the State of New Jersey, residing at 79 Tuttle Street in the town of Wallington, New Jersey. See "Exhibit A"; see also "Exhibit B". Plaintiff is therefore a citizen of the State of New Jersey for purposes of 28 U.S.C. § 1332 (a)(1) and (c).

6.     Defendant Genie Industries, Inc. is currently, and was at the commencement of this action, incorporated under the laws of the state of Washington with its principal place of business located in Redmond, Washington. Genie Industries, Inc. is therefore a citizen of Washington for purposes of 28 U.S.C. § 1332 (a)(1) and (c).

7.     Defendant Terex Corp. is currently, and was at the commencement of this action, incorporated under the laws of Delaware with its principal place of business located in Connecticut. Defendant Terex Corp. is therefore a citizen of both Delaware and Connecticut for purposes of 28 U.S.C. § 1332 (a)(1) and (c).

8.     Contrary to Plaintiff's assertion, Defendant United Rentals, Inc. does not have its principal place of business in New Jersey, Defendant United Rentals, Inc. is currently, and was at the commencement of this action, incorporated under the laws of Delaware with its principal place of business located in Connecticut. See United Rentals, Inc. and United Rentals (North America), Inc., Quarterly Report (Form 10-Q), at 1 (Nov. 1, 2007). Defendant United Rentals, Inc. is therefore a citizen of both Delaware and Connecticut for purposes of 28 U.S.C. § 1332 (a)(1) and (c).

9.     Defendant Marcal Paper Mills, Inc. is currently, and was at the commencement of this action, incorporated under the laws of New Jersey with its principal place of business located in New Jersey. However, Marcal Paper Mills, Inc. cannot be held liable to Plaintiff for the claims asserted in this action and therefore is not properly joined in this action. Plaintiff alleges

that, at the time of his alleged injury, Plaintiff employed by Marcal Paper Mills, Inc.  Under New Jersey workers' compensation law, an employer shall not be held liable to an employee, at common law or otherwise, for an injury that occurred within that person's employ, unless that injury was the result of an intentional wrong.  N.J. Stat. Ann § 34:15-8 (West 2007); see Tomeo v. Thomas Whitesell Constr. Co., 823 A.2d 769, 772 (N.J. 2003).  Plaintiff does not allege an intentional wrong by Defendant Marcal Paper Mills, Inc.  See Tomeo,  823 A.2d at 772 (to sustain a claim against an employer, an employee must show that the employer knew his conduct that resulted in the injury would create a substantial certainty of harm, and that the injury was beyond scope of hazards contemplated by the Workman's Compensation Statute).  Also, the facts of this case do not support an allegation of intentional wrongdoing by Defendant Marcal Paper Mills, Inc. because the facts do not meet the substantial burden required for such a finding. See e.g. Torres v. Lucca's Bakery, 487 F. Supp. 2d 507, 512 (D.N.J. 2007)(the employer's conduct was not considered intentional even though there was a history of relatively benign employee injury using the machine that caused the employee's injury); cf. Crippen v. Cent. Jersey Concrete Pipe Co., 823 A.2d 789, 797-8 (N.J. 2003)(a deliberate failure to cure serious OSHA violations, deliberate deception of OSHA, and failure to implement a permit-required program, were sufficient to find intentional wrongdoing by the employer).

10.     Defendants Genie Industries, Inc. and Terex Corp. are informed and believe, and on that basis allege, that Marcal Paper Mills, Inc. was wrongfully and fraudulently joined as a party defendant for the sole purpose of attempting to deprive Genie Industries, Inc. and Terex Corp. of their rights, as nonresidents of the State of New Jersey, to remove this case to the United States District Court for the District of New Jersey.  In support of their claim that Marcal Paper Mills, Inc. was wrongfully and fraudulently joined as a party defendant for the sole

purpose of attempting to defeat the defendants' right to remove this case to federal court, Genie Industries, Inc. and Terex Corp. allege that Plaintiff named Marcal Paper Mills, Inc. in this matter in full knowledge that Plaintiff's claim against Marcal Paper Mills, Inc. is barred by the New Jersey Workmen's Compensation Statute as discussed supra, Paragraph 9.

11.     Thus, Marcal Paper Mills, Inc. was improperly joined.   Complete diversity therefore exists among the properly joined Defendants pursuant to 28 U.S.C. §1441(b).

12.     An action is removable pursuant to  28 U.S.C. §1441(b) "…if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. " see e.g. Jaeger v. Schering Corp., No. 07-3465, 2007 WL 3170125, slip copy at *3 (D.N.J. Oct. 25, 2007)(case was removable despite the defendant's New Jersey residence because the New Jersey defendants had not yet been served when the case was removed)(attached as "Exhibit C");see also Thomson v. Novartis Pharms. Corp., No. 06-6280, 2007 WL 1521138, slip copy at 4 (D.N.J. May 22, 2007)(case was removable despite the defendant's New Jersey residence because the New Jersey defendant had not yet been served when the case was removed)(attached as "Exhibit D").

13.     Defendants Genie Industries, Inc. and Terex Corp. are informed and believe, and on that basis allege, that despite being named as a defendant in this action, Marcal Paper Mills, Inc. was not properly served.  See 28 U.S.C § 1441(b).  Plaintiff attempted service upon Marcal Paper Mills, Inc. by Certified Mail.  Insofar as Marcal Paper Mills, Inc. has not answered or otherwise appeared in this matter, such service was not effective to establish in personam jurisdiction over Marcal Paper Mills, Inc. See N.J. Ct. R. 4:4-4(b)(1)(C).  Nor has Plaintiff filed an affidavit of diligent inquiry as would be required to make such service sufficient under N.J.

Ct. R. 4:4-5(b).   Because Marcal Paper Mills, Inc. was not properly served, this action is removable under 28 U.S.C. §1441(b).

14.     Removal of this action to the United States District Court is proper under 28 U.S.C. §1441(a) and (b) because there is complete diversity of citizenship between the Plaintiff and the only true defendants, and the only people properly joined or served as defendants are not citizens of the state in which the action is proceeding.

15.     Based on the foregoing, this Court has jurisdiction over this action due to the complete diversity of citizenship of the parties under 28 U.S.C. § 1332 (a) and (c).

16.     Written notice of the filing of this Notice of Removal will be served upon all counsel of record in accordance with 28 U.S.C. § 1446 (d).   A copy of said written notice is attached hereto as "Exhibit E".

17.     A true and correct copy of this Notice of Removal also will be promptly filed with the Clerk of the New Jersey Superior Court and the Clerk of Superior Court of New Jersey, Bergen County, Law Division, in accordance with 28 U.S.C. § 1446 (d).

18.     Defendants Marcal Paper Mills, Inc. and United Rentals, Inc. join in and consent to the removal of this cause to the United States District Court for the District of New Jersey. Those consents are indicated by the signed consents attached to this Notice as "Exhibits F" and "Exhibit G".

WHEREFORE, Defendants Genie Industries, Inc. and Terex Corp. give notice that this

action is removed from the Superior Court of New Jersey for Bergen County to the United States

District Court for the District of New Jersey.

Dated:  December 5, 2007                                    **REED SMITH LLP**


By:_____s/ *Patrick E. Bradley*_____
                    Patrick E. Bradley, Esq.
                    Tara E. Nicola, Esq.
                    Princeton Forrestal Village
                    136 Main Street, Suite 250
                    Princeton, New Jersey 08543

                    Attorneys for Defendants Genie Industries, Inc.
                    and Terex Corp..