UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| **TADEUSZ JATCZYSZYN,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-5792 (PGS) |
| | : | |
| | : | |
| | : | REPORT AND RECOMMENDATION |
| **MARCAL PAPER MILLS, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**SALAS, United States Magistrate Judge**,

    Presently before the Court is Plaintiff Tadeusz Jatczyszyn's ("Plaintiff") motion to remand (Docket Entry No. 8). Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred the motion to the Undersigned for Report and Recommendation. For the reasons set forth below, the Undersigned recommends granting Plaintiff's motion.

## I. BACKGROUND

    In October 2005, while employed by Defendant Marcal Paper Mills, Inc. ("Marcal"), Plaintiff injured his right leg in a work-related accident. Plaintiff thereafter filed suit against Marcal in the Superior Court of New Jersey, Law Division, Bergen County on October 17, 2007, alleging common law and statutory tort claims related to the accident. In his complaint, Plaintiff named three additional defendants, Genie Industries, Inc. ("Genie") and Terex Corp. ("Terex"), manufacturers of the motorized boom-model lift that ran over and injured his leg, and United Rentals (North America), Inc. ("United Rentals"), the lessor of the lift.

On December 5, 2007, Genie and Terex filed a timely Notice of Removal to remove this action to the United States District Court for the District of New Jersey. Marcal and United Rentals joined and consented to removal. The removal is premised on diversity jurisdiction and argues that Plaintiff, a New Jersey resident, has fraudulently joined Marcal, the only defendant from New Jersey, in order to defeat this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶¶ 10, 11.)[1]

## II. DISCUSSION

Civil actions brought in state court are generally removable to district court in cases in which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When federal jurisdiction is predicated on diversity jurisdiction, the case is removable when there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b). There is no dispute that the basis for jurisdiction is diversity jurisdiction and that complete diversity does not exist as both Plaintiff and defendant Marcal are citizens of New Jersey. Defendants[2] contend, however, that the in-state defendant Marcal was fraudulently joined and

---

[1] Defendants also removed this action pursuant to 28 U.S.C. § 1441(b) which states that the"action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants argue that because Marcal was never properly served removal is proper. They cite to *Jaeger v. Schering Corp.*, No. 07-3465, 2007 WL 3170125 (D.N.J. Oct. 25, 2007) and *Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007) for support. However those cases are inapposite as there *was* either complete diversity among all the parties or the basis for removal was federal question jurisdiction. *See also Frick Novartis Corp.*, 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006) (diversity jurisdiction). Here, complete diversity does not exist and therefore removal is improper under this provision. *Ott v. Consolidated Freightways Corp. Of Delaware*, 213 F.Supp.2d 662, 665-66 (S.D.Miss. 2002).

[2] The Court uses "Defendants" to refer to Genie and Terex as only they opposed the motion to remand. Any mention of the other defendants will refer to them by name.

2

therefore the citizenship of Marcal can be ignored.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Under this exception, a defendant must show that the nondiverse defendant was fraudulently joined in an effort to defeat diversity jurisdiction. *Batoff v. State Farm Insurance Co.*, 977 F.2d 848, 851 (3d Cir. 1992). If that is the case, the court can "'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendant[], and thereby retain jurisdiction.'" *In re Briscoe*, 448 F.3d at 216 (quoting *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1999). If the court finds that the defendant was not fraudulently joined, and the only basis for subject matter jurisdiction is diversity jurisdiction, it must remand the action to state court. *Id*.

A party is fraudulently joined " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.' " *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111). The claim must be "wholly insubstantial and frivolous" to be considered fraudulent. *In re Briscoe*, 448 F.3d at 217. However, " '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.' " *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111). Further, "it is possible that a party is not fraudulently joined, but that the claim against that party is ultimately dismissed for failure to state a claim upon which relief is granted." *Id*. at 852.

In determining whether a party is fraudulently joined, a court is not constrained by the pleadings; rather it may look beyond the pleadings to find an "indicia of fraudulent joinder." *In re Briscoe*, 448 F.3d at 219. However, a district court must be careful not to step " 'from the threshold jurisdictional issue into a decision on the merits.' " *Id.* (quoting *Boyer,* 913 F.2d at 112). Ultimately, the removing party carries a "heavy burden of persuasion in " showing that the in-state defendant was fraudulently joined. *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1990).

In this case, Plaintiff brings a claim against his employer Marcal for knowingly allowing a defective lift to be used.[3] Defendants argue that Marcal is fraudulently joined, because under New Jersey's Workers Compensation law, an employer "shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." N.J.S.A. 34:15-8. Thus, because Marcal was the employer of the Plaintiff at the time of the accident, the Defendants argue that the Plaintiff must allege an intentional wrong by Marcal to succeed under the statute. Specifically, the Defendants argue that because the Plaintiff did not allege in the complaint that Marcal intentionally committed a wrongful act, Plaintiff cannot sustain a claim against Marcal.

Plaintiff, on the other hand, argues that using the words "intentional" in the complaint is not necessary and that the allegations as alleged are sufficient for jurisdictional purposes.[4] The Plaintiff

---

[3] Plaintiff also brings claims against Genie, Terex and United Rentals for negligence, strict liability in tort, and for defective product under N.J.S.A. 2A:58C-1 *et seq*.

[4] Plaintiff argues in "Point II" of its brief, that even assuming that Marcal was fraudulently joined, diversity jurisdiction would still be defeated as United Rentals "has made itself amenable

argues that "it is not proper for this Court to decide whether or not Marcal's conduct can be deemed to fall within the 'intentional wrong' exception. (Plaintiff Br. at 6). The Plaintiff argues that this analysis should be reserved for a motion for summary judgment or a motion to dismiss for failure to state a claim. Any such analysis, Plaintiff argues, is premature prior to the parties engaging in discovery.

Looking at Plaintiff's complaint, the Court does not find the claim against Marcal to be wholly insubstantial and frivolous. Plaintiffs' complaint contains allegations that "Marcal allowed the Lift to be used with full knowledge of a defective condition" and that this conduct by "Marcal created a substantial certainty that [Plaintiff] would sustain serious injury." (Compl. at 4.) All that is required under New Jersey law for a claim to be sustainable against an employer is "that the employer acted with knowledge that it was substantially certain that a worker would suffer injury." *Laidlow v. Hariton Machiner Co. Inc., et al.*, 170 N.J. 602, 790 (2002). The Court finds that Plaintiff's complaint satisfies the notice pleading requirement as it alleges that Marcal was aware of a dangerous condition which created a substantial certainty that Plaintiff would be injured. *Berkman v. United Parcel Service*, No. 07-5245, 2007 WL 4080372, at *2 (D..N.J. Nov. 14, 2007). This allegation is sufficient to include Marcal as a defendant against whom liability may attach. Also, nothing in Plaintiff's complaint contradicts or negates Plaintiff's ability to prove its claim against Marcal. *Id.*

---

to jurisdiction in New Jersey through its activity within this state." (Pl. Br. at 8.) Plaintiff's argument seems to suggest that because United Rentals may be subject to personal jurisdiction in New Jersey that somehow makes it a citizen of New Jersey. Plaintiff also argues in "Point III" of its brief that Defendants lack standing to assert improper service on behalf of Marcal. Because this Court finds that Marcal was properly joined and that this action should be remanded, the Court need not address these alternative grounds for remand

While this allegation may be disputed or the pleadings may ultimately be insufficient to state a cause of action, the Court nevertheless finds that Defendants have not shown the allegations to be wholly insubstantial and frivolous such that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendants." *Boyer*, 913 F.2d at 111.

Defendants cite several cases in support of its position that the language of Plaintiff's complaint does not support an allegation of intentional wrongdoing by the Marcal. However, each of the cases cited by the Defendants arose in the context of summary judgement and not at the pleading stage. *See Torres v. Lucca's Bakery*, 487 F. Supp. 2d 507 (D.N.J. 2007); *Kibler v. Roxbury Bd. Of Educ.*, 392 N.J. Super. 45 (App.Div. 2007); *Kaczorowska v. Nat'l Envelope Corp.*, 342 N.J.Super 580 (App.Div. 2001). Therefore, the outcome of those cases is not dispositive of the issue at hand.

In addition, Defendants seem to argue that the complaint has not been pleaded with adequate specificity. Defendants are essentially asking the Court to determine whether Plaintiff's claim would survive a motion to dismiss. Such an evaluation would require the court to take "a micro-view of the pleadings, parsing the complaint to determine whether a claim is pleaded with detailed specificity. Such an inquiry ... is excessive in the context of fraudulent joinder." *Pinnacle Choice, Inc. et al. v. Silverstein et al.*, No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008) (Report and Recommendation by Falk, U.S.M.J and adopted by Martini, U.S.D.J. on May 20, 2008); *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32-33 (3d Cir. 1985) (finding that inquiring "into the legal merits would be inappropriate in this preliminary jurisdictional determination"). This Court agrees. Defendants' arguments are best left for a motion for summary judgment or a motion to dismiss. Only

6

then should a court determine whether Plaintiff's claim has merit. At this stage, however, Defendants must prove that the claim is "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 217. And in that regard, they have failed to meet their burden of proving that the nondiverse defendant, Marcal, was fraudulently joined.

The dispositive question that the Court must consider is whether under New Jersey law, "there is even a possibility that a state court would find that the complaint states a cause of action." *See Lopez et al. v. Home Depot, Inc., et al.*, No. 08-1020, 2008 WL 2856393, at *3 (E.D.Pa. July 22, 2008). Having considered the question as it pertains to this matter, the Court is not convinced that no such possibility exists. This Court is not taking a position that Plaintiff's claims against Marcal will be meritorious, nor is it this Court's place to decide whether Plaintiff's complaint will survive a motion to dismiss or a motion for summary judgment. However, at this juncture, the complaint, on its face is sufficient to retain Marcal as a party in this civil action. Thus, the Court finds that Marcal was appropriately joined as a defendant, and accordingly this matted should be remanded to state court.

### III. FEES AND COSTS

Plaintiff has requested that this Court award him attorneys' fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the U.S. Supreme Court held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal.

7

Conversely, when an objectively reasonable basis exists, fees should be denied." *Id* at 141.  Here, Defendants argue that removal was proper because there is complete diversity among the non-fraudulently joined defendants.   Although the Court disagrees with Defendants, the circumstances do not warrant fees and costs.  Plaintiff's request is denied.

## IV. CONCLUSION

For the reasons set forth above, the Undersigned recommends that the District Court **GRANT** Plaintiff's motion to remand.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**